## BOARD OF HEALTH v. JONES.

### June 22, 1835.

*Rule to show cause why a sheriff's sale should not be set aside.*

On a sheriff's sale on a judgment obtained by the board of health, under the act of the 7th of April 1830, (for the expense of removing a nuisance from unoccupied property, the owner of which is non resident, or cannot be found, which expense is constituted a lien by the act) and the proceedings having been carried on against a person who is not the owner, where the advertisement does not state that the *venditioni exponas* is issued upon a judgment obtained upon a claim for *such expense,* so as to give full notice of the character of the proceeding, upon application of the actual owner, the sale will be set aside.

THIS was a rule to show cause why a sheriff's sale of a lot of ground on the south side of Haydock street, in the Northern Liberties, between Front and Canal streets, containing in front eighty feet, and in depth sixty-seven feet, more or less, should not be set aside.

*Sharswood* argued in support of the rule, and cited, 1 *Browne's Rep.* 187 ; 4 *Yeates* 203; 2 *Penns. Rep.* 240 ; 2 *Ventr.* 352 ; 2 *Yeates* 466 ; 2 *Binn.* 218.

*P. A. Browne, contra,* cited, 9 *Serg. & Rawle* 156; *Purd. Dig.* 292.

The facts are sufficiently stated in the opinion of the Court, which was delivered by

PETTIT, *President.*—This is a proceeding under an act of assembly passed on the 7th of April 1830, entitled " a further supplement to an act entitled, An act for establishing a health office, and to relieve the city and port of Philadelphia from the introduction of pestilential and contagious diseases, and for other purposes." The first section provides for the removal, by the Board of Health, of any nuisance existing upon unoccupied property, where the owner is non resident, or cannot be found by the messenger of the board. The second section makes the expenses of such removal a lien upon the premises, and directs the board to file the claim therefor against the owner, or reputed owner, and to proceed in this court by *scire facias,* in like manner as mechanics' liens are recoverable; and declares that

[Board of Health v. Jones.]

upon the trial, the fact of the nuisance shall not be inquired into ; and that the defendant shall only be permitted to give evidence of payment, or that unnecessary expenses were incurred.

Joseph Jones was not the owner of the property, but was the name used by the Board of Health in this, in common with other cases where they know nothing about any owner, and where they nominate a *reputed owner*, for the convenience of conducting the proceedings against the premises.

The claim having been filed on the 10th of September 1834, the *scire facias* was issued on the 23d of September, against *Joseph Jones, or the owner of a lot*, &c. returnable on the first Monday of October 1834.

The sheriff's return was, " made known ;" and on the 11th of October judgment was entered for want of an appearance, with an order to the prothonotary to assess the damages.

The damages were assessed at 145 dollars 9 cents, and on the 10th of December the judgment was marked to the use of Daniel Thomas.

Writs of *fieri facias* and *venditioni exponas* were successively issued ; and on the 5th of January 1835, the sheriff sold the premises to the above named Daniel Thomas for 325 dollars.

The executors of the estate of the late Hugh Ferguson have obtained a rule to show cause why the sale should not be set aside. They have filed an affidavit alleging title in the late Hugh Ferguson, and in themselves, under his will, for the purposes therein mentioned. They produce the deed under which Ferguson claimed, showing a *prima facie* title, and they offer to pay the amount of the judgment, with interest and costs, and also interest to the purchaser on the amount paid by him to the sheriff, from the day on which he paid it.

They have presented several objections to the proceedings.

Their right to be heard at all has been denied by the counsel for the purchaser, upon the ground that the court will not interpose at the instance of a mere stranger.

Upon this preliminary point we deem it enough to remark, without stating any general rule, that, there is abundant ground for rejecting the idea that the parties who have obtained this rule are mere strangers. They not only make an *affidavit* of the truth of their claim, and show a *prima facie* paper title, but they give a substantial earnest of their sincerity by a tender of debt, interest and

[Board of Health v. Jones.]

costs ; the payment of which will do nothing more than enable them to stand upon the title they already have, without obtaining for them any additional sanction to it. Were we to refuse on this ground to hear the parties, we should countenance the notion that no one could interfere who did not exhibit an absolute title, and that the court would go into that question and pronounce an opinion upon it. There is nothing therefore in this suggestion made on behalf of the purchaser.

Among the various objections urged against the sale, there is one which is deemed altogether conclusive, and hence it is unnecessary to notice the others.

The premises were advertised to be sold under a *venditioni exponas*, as the property of Joseph Jones, without any reference to the character of the special proceeding under the act of assembly. Now the act introduces a new, peculiar and very important course of proceeding against real estate, the property itself being the main object to be adjudicated upon, allowing the use of the name of a reputed owner for convenience, but contemplating the obvious propriety of having the sale so conducted that persons disposed to purchase, and the public at large, including all who may have a claim of title, should have full notice of the true character of the transaction, and of the real nature of the judgment pronounced.

We are of opinion that the advertisement should have shown, substantially, that the *venditioni exponas* was upon a judgment upon a claim for the expenses of the removal of a nuisance, filed by the Board of Health as a lien upon the premises, against the owner or reputed owner, under the act of assembly of the 7th of April 1830. The sale is therefore set aside.

The rule is *made absolute* upon the terms above stated, as offered by the executors of the estate of Hugh Ferguson deceased.

Rule absolute.